IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOD'S LOVE OUTREACH MINISTRIES, a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>FOUNDATION CAPITAL RESOURCES, INC., a Georgia corporation, and DOES 1-30, inclusive,<br><br>    Defendants.<br>_____/ | No. C 12-185 CW<br><br>ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (Docket No. 4) |

    In this contract case, Plaintiff God's Love Outreach Ministries seeks specific performance of a commercial property purchase agreement with Defendant Foundation Capital Resources, Inc. concerning real property located at 1237-1239 North Livermore Avenue in Livermore, California.  Plaintiff now applies ex parte for a temporary restraining order enjoining Defendant from proceeding with an eviction of tenant St. Matthews Baptist Church of Livermore, Inc. from the subject property.

    A temporary restraining order may be issued without providing the opposing party an opportunity to be heard only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  "The standard for issuance of a temporary restraining order is the same as that for issuance of a preliminary injunction." Burgess v. Forbes, 2009 WL 416843, at *2 (N.D. Cal.).  To obtain a preliminary injunction, the moving party

must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Res. Def. Council, Inc.</u>, 129 S. Ct. 365, 374 (2008).

Alternatively, preliminary injunctive relief could be granted when "the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," so long as the plaintiff demonstrates a likelihood of irreparable harm and shows that the injunction is in the public interest. <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131 (9th Cir. 2011) (citation and internal quotation and editing marks omitted). In the Ninth Circuit, courts employ a "sliding scale" approach, under which "a stronger showing of one element may offset a weaker showing of another." <u>Id.</u> For instance, "a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." <u>Id.</u>

Plaintiff has not established that it is likely to succeed on the merits or that there are serious questions going to the merits of its claim. The purchase agreement between the parties required that "close of escrow shall occur . . . 60 days after acceptance" of the agreement, or by December 26, 2011. The agreement further states, "Time is of the essence." Plaintiff does not deny that it failed to close escrow by that date. Instead, Plaintiff argues that it should be excused from complying with these requirements, because Defendant offered to extend the date for the close of escrow to January 15, 2012, and because Defendant made false

2

statements to AJTM Financial, the lender from which Plaintiff was attempting to secure funding to complete the purchase of the property, and interfered with Plaintiff's ability to close escrow by that date.

Plaintiff has submitted an email dated December 19, 2011 from Defendant's representative, Bonnie Denton,[1] in which Ms. Denton offered

> to extend the closing date on the purchase agreement . . . to January 15, 2012 for $103,050.00 additional non-refundable earnest money deposit to pass through to the Seller Immediately. This will make a total of $150,000 non-refundable money all applicable to purchase price at closing. This extension offer is available to you until 4:00 p.m. CST, December 21, 2011.

Turner Decl., Ex. 3. On December 21, 2011 at 1:25 p.m., Plaintiff emailed Ms. Denton and her colleague, Jim Duncan, stating,

> We are requesting the release of $50,000 more to AG Financial from escrow . . . In saying this, due to the holidays and our new lender having ample time to process this transaction we ask for the date to close be February 11, 2012. . . . We pray the extra $50,000 given which now makes the total $103,500 shows our confidence in closing this transaction. . . . we ask that the revised addendum and the final response be allowed to holdover until December 27, 2011.

Turner Decl., Ex. 4. A minute later, Plaintiff received an "automatic reply" from Jim Duncan stating in part, "I will be out

---

[1] The Court notes that Bonnie Denton appears to be a "Manager/Broker" at AG Financial and that it is not clear what the relationship is between AG Financial and Defendant. However, it appears that an employee from AG Financial signed the purchase agreement on behalf of Defendant. Accordingly, for the purposes of this order, the Court will assume that Bonnie Denton and other employees at AG Financial act as Defendant's agents.

3

of the office until Dec 29th. . . . If you need immediate assistance, please contact Bonnie Denton." Turner Decl. 5.

Based on this correspondence, Plaintiff argues that it believed that the parties would finalize a further extension after December 29, 2011. However, there was no enforceable agreement to extend either the offer to extend the closing date or to extend the closing date itself. Plaintiff's email on December 21, 2011, in which it offered a lower amount of additional earnest money and suggested a later closing date, served as a counter-offer. This counter-offer constituted a rejection of Defendant's original offer to extend the closing date, and Defendant's acceptance was necessary before a contract could be formed. See Cal. Civ. Code § 1585 ("An acceptance must be absolute and unqualified, or must include in itself an acceptance of that character which the proposer can separate from the rest, and which will conclude the person accepting. A qualified acceptance is a new proposal."); see also Landberg v. Landberg, 24 Cal. App. 3d 742, 750 (1972) (internal citations omitted) (holding that "basic principles of the law of contract" include: "(1) a valid acceptance must be absolute and unqualified, and (2) qualified acceptance constitutes a rejection terminating the offer; it is a new proposal or counteroffer which must be accepted by the former offeror now turned offeree before a binding contract results.").

Plaintiff also argues that Defendant made "false statements" to AJTM, which caused AJTM to withdraw its loan commitment. Plaintiff attaches an email to it from AJTM, in which AJTM states, "Ms. Denton informs us that her department handles foreclosures for the lender. She has had a hard time obtaining the truth in

4

1  the past from anyone and that the property has already gone
2  through the courts and the property has been foreclosed upon.  All
3  she has to do is call the Sheriff's Office, which after our call
4  she intends to do and activate the eviction."  Turner Decl.,
5  Ex. 2.  Plaintiff has not established that it is likely that it
6  will be able to establish that these statements are false, because
7  it also presents evidence that Defendant had filed an unlawful
8  detainer complaint in state court and that, prior to Ms. Denton's
9  statements, "a Judgment awarding Defendant possession of the
10 Subject Property was filed."  Turner Decl. ¶ 15.

11     Accordingly, Plaintiff's application for a temporary
12 restraining order and order to show cause for preliminary
13 injunctive relief is DENIED.  Plaintiff may file a properly
14 noticed motion for a preliminary injunction, pursuant to Civil
15 Local Rules 65-2 and 7-2.

16     IT IS SO ORDERED.

Dated: January 13, 2012

CLAUDIA WILKEN
United States District Judge